UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROIC WASHINGTON LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KEVIN KELLY, MARISA KELLY, WITTA PAYAKAPAN, MARITZ PAYACKAPAN, ROBERT D CLINKENBEARD, FAITH N CLICKENBEARD, FRED R AUZEENE, RENEE L CERMAK,<br><br>　　　　　　　　Defendants. | CASE NO. 2:24-cv-00731-BAT<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

Defendants Kevin Kelly, Marisa Kelly, Witta Payackapan, Maritza Payackapan, Faith Clinkenbeard, Robert Clinkenbeard, Fred Auzenne, and Renee Cermak move to dismiss Plaintiff ROIC Washington LLC's Complaint (Dkt. 1-1), pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion (Dkt. 15) and Defendants filed a reply (Dkt. 17). The Court denies the motion.

<u>LEGAL STANDARD</u>

Under Rule 12(b)(6), a court conducts a two-step inquiry to test the legal sufficiency of the complaint. First, well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Second, once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." *Id*. at 679. A claim "has facial plausibility when the plaintiff

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS - 1

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If a motion to dismiss is granted, a court should normally grant leave to amend unless it determines the pleading cannot not possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir.1990).

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. Courts may not consider additional facts alleged in opposition to a motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). A court may consider a document whose contents are alleged in a complaint, so long as no party disputes its authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)." Therefore, this Court has considered the Lease and Amendments (attached to the Declaration of Witta Payackapan, Dkt. 13 at Exhibits A-C) because they are referred to extensively throughout Plaintiff's Complaint and Plaintiff's claims "necessarily depend" on them. Dkt. 1-1, ¶¶ 2.2-2.4, 3.1-3.2. The Court has not considered the additional facts asserted in the Declaration of Betsy Shriver (Dkt. 16).

## FACTS

A. <u>Original Lease and Guaranty</u>

On December 31, 2017, Plaintiff ROIC Washington, LLC ("ROIC") entered a written commercial lease ("Lease") with PACK MA Bothell CP LLC ("PACK MA") under which PACK MA agreed to lease two retail spaces at the Canyon Park Shopping Center located at 1427 228th Street SE, Suite BD-2, in Bothell, Washington (the "Premises"). Dkt. 1-1 at ¶ 2.2. The LLC operated two business, "The Joint Chiropractic" out of Suite BD-1 in the shopping center

and "Modern Acupuncture" out of Suite BD-1. Dkt. 13, Payackapan Decl., ¶ 2, Ex. A (Lease), at

¶ 5.7. The initial term of the Lease was ten years. Dkt. 1-1, ¶ 2.3; *see also* Dkt. 13, Payackapan

Decl., ¶ 2, Ex. A (Lease), at ¶ 5.7.

Defendants each signed a Guaranty of Lease for PACK MA's obligations under the

Lease (the "Sunset Guaranty"):

> Notwithstanding anything to the contrary contained in the Lease or in this
> Guaranty, during the initial three (3) years of the Lease Term following the
> Rent Commencement Date plus the initial five (5) month Rent abatement period
> (i.e., through the forty-first (41st) month of the Lease Term following the Rent
> Commencement Date), the aggregate liability of Guarantor hereunder shall be
> limited to the greater of One Hundred Fifty Thousand Dollars ($150,000) per year
> or the sum equal to the amount of Fixed Minimum Rent and all other sums
> required to be paid by Tenant pursuant to the provisions of the Lease for such
> period. Further, provided that Tenant is not then in default and has not been in
> default under the Lease beyond the applicable notice and cure period during the
> first three (3) full years of the Lease Term following the Rent Commencement
> Date plus the above-referenced five (5) month period, this Guaranty shall
> terminate and Guarantor shall be released from any and all liability accruing
> thereafter.

Dkt. 13, Payackapan Decl., Ex. A (Lease), at Ex. D (Guaranty of Lease), at ¶ 18. The Rent

Commencement Period began on October 2, 2018; 41 months thereafter is March 2, 2022. *Id.* at

¶ 2. The Sunset Guaranty is attached as a separate document entitled Exhibit D.

B.     First Lease Amendment – Change of Business Services

On January 24, 2018, the parties amended the Lease to allow PACK MA to correct

typographical errors to the exclusivity and franchising provisions of the Lease ("First Lease

Amendment"). Dkt. 13, Payackapan Decl., ¶ 3, Ex. B (First Lease Amendment), at ¶ 1. The First

Lease Amendment provided, in part:

> All other terms, covenants and conditions of the Lease shall remain unmodified
> and in full force and effect except as amended herein. In the event of any
> inconsistencies between any of the terms and conditions of this Agreement and
> the terms and conditions of the Lease, the terms and conditions of this Agreement
> shall prevail.

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS - 3

*Id.*, Ex. B at ¶ 6. On the last page of the First Lease Amendment, following the parties' signatures, one of the guarantors, Witta Payackapan, signed the following Guaranty:

**AGREEMENT OF GUARANTOR**

> I, the undersigned, acknowledge that I have entered into a written unconditional Guaranty ("the Guaranty") of the Lease which shall continue so long as such Lease remains in full force and effect.

*Id.*, Ex. B at 3.

C.    Second Lease Amendment – Change of Suite Space

On February 26, 2018, the parties again amended the Lease, this time to allow PACK MA to relocate from Suite BD-2 to Suite BD-1, a space that provided approximately 15 more square feet of space ("Second Lease Amendment"). Dkt. 13, Payackapan Decl., ¶ 4, Ex. C (Second Lease Amendment), at ¶ 1.2. The Complaint alleges, "as a material part of that amendment, all of the Defendants confirmed in writing that each of them had entered into written unconditional guaranties of the Lease, 'which shall continue so long as such Lease remains in full force and effect.'" Dkt. 1-1, ¶ 2.4.

The Second Lease Amendment provided, in part:

> All other terms, covenants and conditions *of the Lease* shall remain unmodified and in full force and effect except as amended herein.

Dkt. 13, Payackapan Decl., ¶ 4, Ex. C (Second Lease Amendment), at ¶ 1 (emphasis added).

On the last page of the Second Lease Amendment, following the parties' signatures, the Second Lease Amendment provided:

**AGREEMENT OF GUARANTOR**

> I, the undersigned, acknowledge that I have entered into a written unconditional Guaranty ("the Guaranty") of the Lease *which shall continue so long as such Lease remains in full force and effect.*

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS - 4

*Id.*, Ex. C at 3 (emphasis added). This confirmation was signed by all eight guarantors – Defendants Kevin Kelly, Marisa Kelly, Witta Payackapan, Maritza Payackapan, Faith Clinkenbeard, Robert Clinkenbeard, Fred Auzenne, and Renee Cermak. *Id.*

D.  <u>Vacation of Premises</u>

On March 30, 2022, PACK MA ceased operations and last paid rent and/or other obligations to Plaintiff. Dkt. 1-1, ¶ 2.6. PACK MA voluntarily dissolved in 2022. *Id.* at ¶ 2.8.

<u>DISCUSSION</u>

Defendants argue their guaranty of PACK MA'S obligations under the Lease expired on March 2, 2022, the end of the 41-month term set forth in the Sunset Guaranty. Defendants also argue the Guarantees included in the First and Second Lease Amendments (collectively, "the Amendments"), which they acknowledged and signed, did not change term of the Sunset Guaranty. Rather, Defendants maintain that by signing the additional Guarantees, they were simply acknowledging their existing obligations under the Sunset Guaranty. Therefore, because the Sunset Guaranty expired on March 2, 2022, Defendants contend they are not liable for PACK MA's default on March 30, 2022.

"Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Courts determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. *Max L. Wells Trust v. Grand Cent. Sauna & Hot Tub Co. of Seattle*, 62 Wash.App. 593, 602, 815 P.2d 284 (1991). The Court should impute an intention corresponding to the reasonable meaning of the words used. *Lynott v. Nat' l Union Fire Ins. Co. of Pittsburgh, Pa.*, 123 Wash.2d 678, 684, 871 P.2d 146 (1994).

Personal guaranties are read the same way, based on an objective reading of the guaranty, only rendered ambiguous if the language is susceptible to more than one interpretation. *In re Amoroso*, 222 F. App'x 542, 543-44 (9th Cir. 2007); *See*, *e.g.*, *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 952 P.2d 590 (Wash. 1998) (enforcing a guaranty by way of summary judgment); *Bellevue Square Managers v. Granberg*, 469 P.2d 969, 973 (Wash. Ct. App. 1970) ("Proper interpretation and construction of the [guaranty] agreement is based upon the same principles as those applied to contracts generally.").

"An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will make payment or will perform, and such a guarantor is liable immediately upon default of the principal without notice." *Frontier Bank v. Bingo Invs.*, *LLC*, 191 Wn. App. 43, 54, 361 P.3d 230, 236 (2015) citing *Century 21 Prods., Inc. v. Glacier* Sales, 129 Wn.2d 406, 414, 918 P.2d 168 (1996) (quoting *Joe Heaston Tractor & Implement Co. v. Sec. Acceptance Corp.*, 243 F.2d 196, 200 (10th Cir. 1957). "An absolute and unconditional guaranty should be and is enforceable according to its terms. The courts are to enforce it as the parties meant it to be enforced, with full effect given to its contents, and without reading into it terms and conditions on which it is completely silent." *Frontier*, 191 Wn. App. at 54 (internal citations omitted).

The Amendments contain certain component parts: (1) Title; (2) Recitals; (3) Agreement; (4) Signatures; (5) Agreement of Guarantor; and (6) Landlord Acknowledgment. Dkt. 13, Exs. B and C. Defendants' argument rests on the contention only Parts (1), (2), and (3) set forth the obligations of the tenant, landlord and guarantors, and because these parts do not reference the Sunset Guaranty, the Sunset Guaranty controls.

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS - 6

       However, in Part (5) of the Amendments, the Agreement of Guarantor states: "I the undersigned, acknowledge that I have entered into a written unconditional Guaranty ("the Guaranty") of the Lease which shall continue *so long as the Lease remains in full force and effect*." On its face, this language amended the Sunset Guaranty from one that expired on March 2, 2022, to one that continues so long as the Lease is in effect. Accepting Defendants' argument requires the Court to conclude the change in language has no meaning. If the parties intended to perpetuate the Sunset Guaranty, there would have been no need to include a separate, signed, and acknowledged "AGREEMENT OF GUARANTOR" with a different term.

       Defendants argue the Amendments did not change the term of the Sunset Guaranty because the new Guarantees are physically placed after the enumerated substantive changes to the Lease and do not reference any other operative portions of the Sunset Guaranty. However, the Sunset Guaranty is also physically placed after the enumerated substantive terms of the Lease and in fact, is a separate document attached as an exhibit. Defendants also stress the new language of the new Guarantees comes after the provision within the Amendments stating that "[a]ll other terms, covenants and conditions of the *Lease* shall remain unmodified and in full force and effect except as modified herein." Dkt. 17 at 4-5 (emphasis added). However, the new Guarantees do not modify the terms, covenants or conditions of the *Lease*. Defendants also argue that, if the language operated to modify the length of the Sunset Guaranty, there would have been no need for the parties to do it twice (*i.e.*, in each Amendment). But the Defendants, who are not parties to the Lease or Amendments, specifically included a separate "AGREEMENT OF GUARANTOR" in the Amendments following the signatures of the Landlord and Tenant and the Second Amendment contained the signature of all the guarantors. Thus, one could just as reasonably conclude the Amendments involve two separate matters: (1) amendments agreed to

ORDER DENYING DEFENDANTS' MOTION
TO DISMISS - 7

by the Landlord and Tenant as to the terms of the Lease, and (2) a new Guarantor Agreement by which the guarantors acknowledged their obligations under the Sunset Guaranty and amended the term to "continue so long as such Lease remains in full force and effect."

Contrary to Defendants' arguments, the language of the Amendments does not plainly warrant dismissal of Plaintiff's Complaint, which sets forth facts sufficient to state a claim for relief that is plausible on its face. *See* Dkt. 1-1 at p. 3 ("As a material part of that amendment all of the Defendants confirmed in writing that each of them had entered into written unconditional guarantees of the Lease, 'which shall continue so long as such lease remain in full force and effect.'")

Accordingly, Defendants' motion to dismiss (Dkt. 12) is **DENIED**; the parties' requests for an award of attorney fees are **DENIED**.

DATED this 26th day of August, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge